IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEITH WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00395-MJR |
| | ) | |
| SHERIFF JOHN LAKIN, | ) | |
| CPT. GARY BOST, | ) | |
| DEPUTY MIKE HARE, | ) | |
| SGT. HARLEY FOSTER, | ) | |
| and DR. ROBERT BLANKENSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

Plaintiff Keith Walker, who is currently detained at Madison County Jail, brings this *pro se* action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that jail officials subjected him to unconstitutional conditions of confinement and inadequate medical care (Doc. 1, pp. 6-8). He seeks monetary damages (Doc. 1, p. 9).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

Plaintiff alleges that he was exposed to human waste as a result of two sewer backups that occurred in Housing Unit B-North at Madison County Jail ("Jail"). The first incident occurred on December 27, 2014, when raw sewage backed up in the drains and toilets and spilled onto the floor. This continued for a period of twenty-four hours. Plaintiff was allegedly locked down in his cell with "raw sewage completely everywhere on the floor" (Doc. 1, p. 6). At the same time, Sergeant Dover shut off all fresh drinking water.

The second incident occurred on March 18, 2015 (Doc. 1, p. 7). During this incident, "sewer, drains, [and] toilets began to back up producing raw sewage waste" (Doc. 1, p. 7). The duration of this second backup is not disclosed.

Plaintiff was also denied access to his medication on March 30, 2015. On that date, Defendant Blankenship, Plaintiff's medical doctor, allegedly "allowed" Defendants Hare and Foster to remove Plaintiff's "much needed medication" from the medication cart (Doc. 1, p. 7). The complaint provides no details regarding the type of medication, the medical condition it treated, or the duration of the deprivation.

Plaintiff now sues the following Jail officials, in their individual and official capacities, in connection with these events: John Lakin (sheriff), Gary Bost (captain), Mike Hare (deputy), Harley Foster (sergeant), and Robert Blankenship (doctor). He claims that Defendants violated his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments by exposing him to inhumane conditions of confinement and depriving him of his medication.[1] Plaintiff seeks monetary damages.

---

[1] As will be discussed in more detail below, both of these claims arise under the Fourteenth Amendment. The complaint offers no other basis for relief under the First, Fifth, Eighth, or Thirteenth Amendments. These claims are completely undeveloped and, for that reason, warrant no further discussion. They shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Discussion

The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement (**Count 1**) and denial of medical care (**Count 2**) brought by pretrial detainees. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for inmates. *Id.* Despite these distinctions, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). Against this backdrop, the Court will discuss each of Plaintiff's claims below.

### Count 1 – Conditions of Confinement

Jail officials violate the Eighth Amendment (and Fourteenth Amendment) when they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," including sanitation. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994)). All conditions of confinement claims, even those brought by pretrial detainees, have an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes v.*

*Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

The conditions described in the complaint support Plaintiff's conditions of confinement claim at this early stage. These conditions include exposure to raw sewage coupled with a denial of access to clean water. The Seventh Circuit has specifically held that "unhygienic conditions, when combined with the jail's failure to provide detainees with a way to clean for themselves with running water or other supplies, state a claim for relief." *See Budd*, 711 F.3d at 842 (citing *Vinning-El v. Long*, 482 F.3d 923, 924-25 (reversing summary judgment where prisoner was held for six days without sanitation items in cell contaminated with human waste and in which sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (reversing summary judgment where prisoner denied cleaning supplies and confined for three days to cell that was smeared with human waste and lacked running water)). *See also Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted) ("An objectively 'sufficiently serious' risk . . . is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage. . . .").

The fact that Plaintiff did not allege that he suffered an actual physical injury from these repeated exposures to raw sewage does not doom his claim. The "exposure to psychological harm or a heightened risk of future injury from living in an infested jail is itself actionable." *See Budd*, 711 F.3d at 843 (citing *Thomas v. Illinois*, 697 F.3d 612, 615-17 (7th Cir. 2012) (admonishing district judges to treat psychological and probabilistic harm from infested prisons as seriously as realized physical harm). Plaintiff has alleged conditions at the Jail that state a claim for relief.

However, the Court's analysis does not end there. The complaint must also suggest that a jail official responded to the conditions with deliberate indifference. Deliberate indifference "requires more than negligence, rather the defendant 'must meet essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citing *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013)).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Although Plaintiff names all of the defendants in their individual and official capacities in the case caption, he mentions none of them in connection with the sewage backup. Absent any suggestion of deliberate indifference on the part of any particular defendant, the complaint supports no individual capacity claims against them. Accordingly, the individual capacity claims shall be dismissed.

The only individual named in connection with the conditions of confinement claim is Sergeant Dover, who shut off the water during the first sewage backup (Doc. 1, p. 6). Plaintiff did not name Sergeant Dover as a defendant. However, the Court is obligated to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In keeping with this obligation, the Court finds that the complaint states a deliberate indifference claim against Sergeant Dover, and the Clerk shall be directed to add this individual as a party to this action.

That leaves the official capacity claims against the defendants. Plaintiff seeks to impose liability on the defendants for creating the conditions at the Jail and allowing them to persist. He seeks monetary damages, not injunctive relief. What Plaintiff is describing is a municipal practice or custom in running the jail, rather than the personal conduct of any particular defendant. The Court will allow the official capacity claim to proceed against Sheriff Lakin, who is responsible for running the Jail. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."). All other official capacity claims are redundant because they are based on the same theory of liability. Accordingly, the official capacity claims shall be dismissed against all other defendants.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Defendant Dover, in his individual capacity, and against Defendant Lakin, in his official capacity. Count 1 shall be dismissed without prejudice against all other defendants.

### Count 2 – Deliberate Indifference to Serious Medical Need

Government officials have a duty to provide medical care to prisoners and detainees alike. *Townsend v. Cooper*, 759 F.3d 678, 688 (7th Cir. 2014) (citing *Estelle*, 429 U.S. at 104-05). Prison officials violate the Constitution when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). "A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). The subjective component requires a prisoner to demonstrate that prison officials acted with

deliberate indifference. *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. Specifically, the officials "must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837).

The complaint does not satisfy either the objective or subjective component of this test. The complaint does not identify the underlying medical condition Plaintiff suffered, the medication that was removed from the cart, the duration of the deprivation, or the impact this deprivation had on his health. The complaint merely alleges that Plaintiff was denied medication on March 30, 2015, when Defendants Hare and Foster removed his "much-needed" medication from the medication cart. Defendant Blankenship allegedly "allowed" this to happen. Based on these allegations, the Court cannot determine whether Plaintiff suffered from a serious medical condition or whether any particular defendant exhibited deliberate indifference to the condition. Even at the early pleadings stage, these allegations fall far short of stating any plausible claim for relief. Accordingly, **Count 2** shall be dismissed without prejudice against all of the defendants.[2]

### Pending Motions

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff also filed a motion for service of process at government expense (Doc. 4), which

---

[2] If Plaintiff chooses to pursue Count 2 further, he is granted leave to file a new complaint to address this claim in a separate action brought pursuant to 42 U.S.C. § 1983. Counts 1 and 2 are unrelated to one another and should not proceed in the same action; they involve none of the same facts or defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit instructed that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Consistent with *George*, different claims against different defendants belong in separate actions.

is hereby **GRANTED, in part,** as it relates to **DOVER (individual capacity claim only)** and **LAKIN (official capacity claim only)**, and **DENIED, in part**, with respect to all other defendants.

Finally, Plaintiff filed a motion for copies (Doc. 5), in which he seeks a copy of the complaint. As a general rule, the District Clerk will mail paper copies of any document only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The complaint consists of nine pages. Should Plaintiff like to request a copy, he should submit this request in writing to the Clerk of Court, along with the required prepayment of $4.50. All further requests for documents from the court file should also be made in writing to the Clerk of Court, by referring to the number listed for that document on the docket sheet and sending in the required prepayment.

### Disposition

The **CLERK** is **DIRECTED** to **ADD SERGEANT DOVER** as a defendant on the docket sheet in CM/ECF. The **CLERK** is also **DIRECTED** to mail Plaintiff a blank civil rights complaint form for Plaintiff's use in filing a new action to address the medical needs claim set forth in Count 2, should he wish to do so.

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that all claims under the First, Fifth, Eighth, or Thirteenth Amendments are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **LAKIN (individual capacity only), DOVER (official capacity only), BOST, HARE, FOSTER,** and **BLANKENSHIP** are **DISMISSED** without prejudice from the action.

**IT IS FURTHER ORDERED** that with regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **LAKIN (official capacity only)** and **DOVER (individual capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or

counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 1, 2015**

s/ MICHAEL J. REAGAN
**U.S. District Judge**
